**Berman Leasing Company, a Corporation, Plaintiff-Appellant, v. Chicago Terminal Clearance, Inc., a Corporation, Defendant-Appellee.**

**Gen. No. 51,944.**

First District, Second Division.

October 27, 1967.

Maurice M. Loman, of Chicago, for appellant.

Frank J. Scarpelli, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

This was an action to recover increases in rentals for which defendant was allegedly liable under a vehicle

leasing agreement. Plaintiff appeals from the trial court's dismissal of its amended complaint on defendant's motion.

Plaintiff and defendant entered a truck leasing contract on January 20, 1961, whereby plaintiff agreed to lease to defendant fifteen specified truck tractors to be employed by defendant in its business as a freight operator within a fifty mile radius of Chicago. The lease, which was to run for a term of five years, provided that either party could terminate the lease as to any one or more of the vehicles on any anniversary date such vehicle or vehicles were put into service under the lease upon thirty days' notice to the other party, but in the event defendant exercised its right in this regard, the lease required it to purchase the said vehicle or vehicles at a stipulated amount. The printed portion of the lease provided that the lessor was to bear a stated percentage of any increase in gasoline prices, insurance costs, taxes and license fees, while the lessee was to bear the balance of any such rise in costs in the form of additional rental. In this connection the printed portion of the lease stated that "[M]onthly, Lessor will, as the case may be, invoice Lessee for any increase in the rental. The amount of such invoice shall be paid by Lessee within seven days from the date of such invoice." On a blank line adjacent to the "Taxes and License Fees" item there appears the following typewritten statement: "in effect 1961 as shown on Sched. 'A'." Schedule "A" is a series of lined forms attached to the printed lease which contain specifications relating to the make, type, rental charge, etc., of the vehicles leased, in addition to a series of statements amending, modifying and altering the printed lease and adding matters not otherwise contained therein. One of these typewritten statements appearing on Schedule "A" is that the "[A]ttached rates include Federal Use Tax, Gasoline Tax, State and City Licenses."

On July 1, 1961, the Federal Highway Use Tax was increased which would have entailed an increase in the

rentals under the printed terms of the lease. Plaintiff, however, failed to invoice defendant for any rental increases until July of 1964, after, the amended complaint alleged, auditors discovered the error. The initial billing in October of 1964, for the period from July of 1961 to July of 1964, amounted to $3,000, all of which defendant refused to pay. Subsequent invoices were sent, which defendant continued to refuse to pay, and this action was filed in January of 1966 asking judgment in the sum of $5,992.50.

Defendant filed a motion to dismiss the complaint on the ground that Schedule "A" of the lease, which was attached to and formed part of the complaint, reflected the agreement of the parties in that the rental charges quoted in the schedule included the Federal Highway Use Tax as noted therein, and that any increase in said tax must consequently be borne by plaintiff. The motion further stated the agreement of the parties was evidenced by plaintiff's failure to invoice defendant for any of the increases until some three years after they had gone into effect. The complaint was dismissed and plaintiff filed an amended complaint containing the additional allegation that the failure of plaintiff to invoice defendant for the increases was due to a mistake which was corrected immediately after the error was discovered. Defendant's motion to dismiss the amended complaint on the same ground as before was allowed and this appeal followed.

Plaintiff maintains on this appeal that the trial court erred in dismissing its amended complaint for the reason that it states a good cause of action against defendant. Plaintiff states that the lease and other exhibits attached to and forming part of the complaint clearly show that the burden was upon defendant to absorb all increases in taxes in excess of a stated percentage thereof, which was to be borne by plaintiff. We disagree.

 The lease contains ambiguous provisions relative to who was responsible for increased taxes. The

printed portion of the lease provides that the lessor shall bear 10% of any tax increase, and the lessee shall be liable for the balance thereof which was to be paid in the form of increased rentals, for which the lessor was to invoice monthly. However, this portion is modified by the typewritten statement that the taxes and license fees involved in the lease were those "in effect 1961 as shown on Sched. 'A'." Schedule "A" in turn states that the "[A]ttached rates include Federal Use Tax, Gasoline Tax, State and City Licenses." The printed portion therefore places 90% of any tax increase upon the lessee, whereas the written portion shows that all taxes, fees, etc., were included in the stated rate charges. It is well settled that where there exists a difference between a printed portion of a document and a written portion thereof, the latter will generally be deemed controlling. Furthermore, any ambiguity in a document will be construed most strongly against the party drawing the document, which is, in this case, plaintiff. See Dixon v. Montgomery Ward & Co., Inc., 351 Ill App 75, 89, 114 NE2d 44. The lease shows the taxes for which defendant was to be liable were included in the rate charges contained in Schedule "A" thereof. Under the circumstances the trial court properly dismissed the amended complaint for failure to state a cause of action.

It should be noted that plaintiff delayed some three years before billing defendant for the increases. If plaintiff intended to place a different construction on the terms of the lease, it should have so informed defendant. In the meanwhile, defendant continued to pay what it thought was the agreed rental for the vehicles and was effectively foreclosed from exercising its right to terminate the lease if it found it economically more advantageous to terminate the lease and purchase the vehicles, or, in any event, from charging its customers higher shipping rates to absorb the increased charges at the time they first appeared.

For these reasons the judgment of dismissal is affirmed.

Judgment affirmed.

LYONS, P. J. and BRYANT, J., concur.